### Foster Coulson v. Jacob Dawson.

1. WITNESSES—*Credibility a Question for the Jury.*—The credibility of witnesses is a question for the jury.

Trespass on the Case, for seduction. Appeal from the Circuit Court of Stark County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

M. SHALLENBERGER, attorney for appellant.

FRANK A. KERNS, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover damages for the alleged seduction of appellee's wife, the declaration containing the usual allegations as to loss of society and

Coulson v. Dawson.

services, and other charges common in such cases. Appellant pleaded not guilty, and upon a trial by jury appellee recovered a verdict for $200, upon which the court rendered judgment, and the case comes here by appeal.

It is strongly insisted that the verdict is against the weight of the evidence, and that the judgment must be reversed for that reason.

Appellee is a man about eighty-two years old and his wife is about one-half that age, and so far as the evidence shows they had lived together happily during the sixteen years they had been married, until the spring of 1895, when, under an agreement with appellant, they went to work for him, the wife doing the housework for appellant, and appellee performing such labor about the premises as he was able to do. Three minor sons constituted a part of the family of appellee and they also did some work for appellant. This condition of things continued to exist until about October, 1895, when, appellee becoming dissatisfied with the conduct of his wife and appellant, and with the way things were going generally, left the premises and later tried to get his wife to leave also, which she refused to do.

The proof of actual misconduct or improper relations between appellant and appellee's wife, is confined to the testimony of the witness Williams, which was considerably weakened by proof of contradictory statements made by him out of court. But the jury saw him and heard his testimony, and saw the manner in which it was given, and had much better means of judging as to its truthfulness than is possible for us to have, and when considered in connection with all the other facts and circumstances proved on the trial, we can not say the verdict is unwarranted. The credibility of the witnesses was a question solely for the jury to determine. In this class of cases it is rarely possible to prove the direct fact of adultery, and circumstances of suspicion, such as familiarity and opportunity, tend strongly to corroborate a witness who swears to such facts as were testified to by Williams. We think there were such circumstances in this case, and without detailing them, we feel

constrained to hold the evidence, all considered together, sufficient to support the verdict.

It is insisted that the court erred in admitting evidence as to the financial condition of appellant. It is a sufficient answer to this contention to say the record shows the evidence went in without objection, and it is now too late to complain.

It is also urged that the court erred in its action upon the instructions, but we are of opinion the point is not well taken.

Appellant's refused instruction was not based upon the evidence in the case and was properly refused.

The abstract does not set out any of the instructions, but upon an examination of them as found in the record, we think there was no error in those given at the instance of appellee. Finding no sufficient reason for reversing the judgment it will be affirmed.